IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MICHAEL K. THOMPSON,<br><br>　Plaintiff,<br><br>vs.<br><br>TONYA D. FIELDS and MDS TRUCKING V, INC.<br><br>　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No.<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

## I.

## NATURE OF THE ACTION

1. Plaintiff Michael K. Thompson brings this action for damages related to personal injuries he sustained from a motor vehicle collision with Defendants' tractor trailer that occurred on March 2, 2023, in Eastland County, Texas.

## II.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.

3. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred within the Northern District of Texas.

## III.
## PARTIES

4. Plaintiff Michael K. Thompson is a natural person and resident of Hays County, Texas.

5. Defendant Tonya D. Fields is a natural person and resident of North Carolina. She may be served personally at her residence located at 138 S Bullock Street, Henderson, North Carolina, or wherever she may be found. The issuance of a summons is requested.

6. Defendant MDS Trucking V, Inc. ("MDS Trucking") is an Illinois corporation doing business in Texas. MDS Trucking operates an interstate motor carrier business under a license from the U.S. Department of Transportation Federal Motor Carrier Safety Administration, US DOT# 1352981. MDS Trucking may be served through its registered agent, Truck Process Agents of America, Inc., c/o Dewayne Keith Shields, 1603 Stoneybrook Drive, Rockwall, Texas, 75087. The issuance of a summons is requested.

## IV.
## FACTUAL BACKGROUND

7. On or about March 2, 2023, Mr. Thompson was driving his vehicle northbound on US Highway 183 under the I-20 overpass in Cisco, Texas. At

the same time, Fields was driving a tractor trailer westbound on the I-20 frontage road when she approached the stop sign at the intersection with US Highway 183. The stop sign was equipped with a flashing red light and sign that read, "CROSS TRAFFIC DOES NOT STOP."

8. Fields failed to yield the right of way as she drove the tractor trailer into the intersection directly into the path of Mr. Thompson's vehicle, causing an underride collision between Mr. Thompson's vehicle and the trailer (the "Collision"). The Collision left Mr. Thompson trapped inside with life threatening injuries until first responders extricated him and transported him to the hospital via helicopter.



9. As a direct and proximate result of the Collision, Mr. Thompson suffered severe injuries and damages.

10. The Cisco Police Department officer who investigated the Collision found that Fields' inattention was a contributing factor to the crash.

11. At the time of the Collision, Fields was operating the tractor trailer in interstate commerce under MDS Trucking's authority as an interstate motor carrier registered with the Federal Motor Carrier Safety Administration under USDOT #1352981.

12. On information and belief, at the time of the Collision, Fields was driving the tractor trailer in the course and scope of an employment, servant, or agency relationship with MDS Trucking.

## V.
## CLAIMS FOR RELIEF

### A. Vicarious Liability

13. Plaintiff incorporates by reference the preceding paragraphs, as if set forth fully herein.

14. At the time of the Collision, Fields was the agent, servant, employee, or statutory employee of MDS Trucking and was acting within the course and scope of that relationship.

15. Therefore, Fields and MDS Trucking are jointly and severally liable for Plaintiff's damages under the statutory employee doctrine, the doctrine of *Respondeat Superior*, and related agency principles.

## B. Negligence – Defendant Tonya D. Fields

16. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

17. At the time of the Collision, Fields had a duty to exercise the ordinary care of a reasonably prudent operator of a vehicle under the same or similar circumstances.

18. Fields breached that duty of care by:

   a. Failing to keep a proper lookout;

   b. Failing to maintain proper control of the tractor trailer;

   c. Failing to yield the right of way at an intersection;

   d. Failing to yield the right of way to crossing traffic that did not have a stop sign;

   e. Failing to use reasonable ordinary care to control her speed, as a reasonably prudent driver would, under the same or similar circumstances;

   f. Being inattentive and/or allowing herself to become distracted;

   g. Failing to anticipate foreseeable hazards as a reasonably prudent driver would under the same or similar circumstances;

   h. Failing to generally act as an ordinary prudent driver under the same or similar circumstances; and

   i. Failing to comply with the applicable standards set forth in the Federal Motor Carrier Safety Regulations, including 49 CFR §392.1, et seq.

19. Additionally, Fields' acts and omissions violated local and state traffic laws and federal regulations which constitutes negligence *per se*.

20. Fields' breach of duty proximately caused injury and damages to Plaintiff, as described herein.

### C. Negligence – Defendant MDS Trucking

21. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

22. MDS Trucking had a duty to exercise the ordinary care of a reasonably prudent person in regard to the employment of Fields and in the operation of the tractor trailer.

23. MDS trucking breached that duty of care by:

   a. Hiring Fields;

   b. Failing to properly qualify Fields as a commercial driver;

   c. Failing to properly investigate Fields' driving ability, prior employment history, and driving record;

   d. Failing to properly train Fields to drive in a safe and prudent manner;

   e. Failing to properly supervise Fields to ensure that she would operate the tractor trailer in a safe and prudent manner;

   f. Failing to make a prudent inquiry into the driving competency of Fields;

   g. Recklessly employing Fields;

   h. Failing to implement safety policies and procedures;

      i.      Failing to enforce safety policies and procedures;

      j.      Failing to meet the applicable standards set forth in the Federal Motor Carrier Safety Regulations, including 49 CFR § 390.11, et seq, and § 385.1, et seq.

24. MDS Trucking's acts and omissions violated federal motor carrier regulations which constitutes negligence *per se*.

25. MDS Trucking's breach of duty proximately caused injury and damages to Plaintiff, as described herein.

**D. Common Carrier- All Defendants**

26. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

27. Fields was working for MDS Trucking at the time of the Collision. Defendants were in the business of carrying cargo and held themselves out for hire by the public. Accordingly, Defendants collectively are a common carrier, and had a duty to exercise the high degree of care of a reasonably prudent operator of a vehicle under the same or similar conditions.

28. Defendants breached their duty of care to the public, and more specifically, to Plaintiff.

29. Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all,

independently and/or concurrently, the sole proximate cause of Plaintiff's injuries and damages.

30. As a common carrier, Defendants owed Plaintiff a legal duty to entrust its vehicles to competent and trustworthy drivers. They owed a heightened duty of care in hiring, supervising, and training employees; nevertheless, they breached the duty by negligently entrusting a commercial motor vehicle to Fields without properly training or supervising her and negligently retaining her after they knew or should have known she was not trustworthy. Likewise, Fields owed Plaintiff a heightened duty as a common carrier. Defendants, jointly and severally, breached their duty to Plaintiff. Defendants' breach proximately caused the Collision and Plaintiff's injuries and damages.

**E. Gross Negligence – All Defendants**

31. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

32. Defendants' acts and omissions described above, when viewed objectively from the standpoint of Defendants at the time of their occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff.

33. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

34. Each Defendant's acts and/or omissions described above proximately caused injury and damages to Plaintiff, as described herein.

## VI.
## DAMAGES

### A. Plaintiff's Personal Injury Damages

35. As a proximate result of Defendant's negligent acts and omissions, Plaintiffs have suffered damages, which include but are not limited to: past and future pain and suffering; past and future mental anguish; past and future medical, pharmaceutical, care, therapy, and treatment expenses; past and future loss of household services; past and future loss of consortium; past and future lost income and earning capacity; past and future physical impairment; past and future disfigurement; and past and future loss of enjoyment of life.

### B. Exemplary Damages

36. Defendants' acts and omissions, as described above, constitute gross negligence, which allows Plaintiff to recover exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

### C.   Pre-Judgment and Post-Judgment Interest

37. Plaintiff is entitled to recover pre-judgment and post-judgement interest at the legal rate as provided by law.

## VII.
## JURY DEMAND

38. Plaintiff respectfully requests that the trial of this cause be by jury, and Plaintiff will tender the requisite fee.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendants be summoned to appear and that the Court enter a judgment in Plaintiff's favor awarding the following:

1. Actual, compensatory, consequential, and special damages, including but not limited to the following:

    a.   Past and future medical expenses;

    b.   Past and future pain and suffering;

    c.   Past and future mental anguish;

    d.   Past and future disfigurement;

    e.   Past and future physical impairment;

    f.   All other economic damages allowed by law; and

    g.   Punitive damages.

2.  Pre-judgment and post-judgment interest at the maximum legal rate;

3.  Costs of Court; and

4.  Such other and further relief to which Plaintiff may be entitled under equity and in law.

Dated: September 18, 2023

Respectfully submitted,

By: /s/ *Christopher S. Hamilton*
**Christopher S. Hamilton**
State Bar No. 24046013
chamilton@hamiltonwingo.com
**Kristi E. Wood**
State Bar No. 24076784
kwood@hamiltonwingo.com

**HAMILTON | WINGO, LLP**
325 N. Saint Paul Street, Suite 3300
Dallas, Texas 75201
Tel: (214) 234-7900
Fax: (214) 234-7300

**ATTORNEYS FOR PLAINTIFF**